IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PARVATHI SIVANADIYAN,

      Petitioner,

vs.                                         No. 3:17–cv–01223-DRH

WILLIAM TRUE,

      Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

*Pro se* Petitioner Parvathi Sivanadiyan, alleged wife of Annamalai Annamalai who is currently incarcerated in the Federal Correctional Institution at Marion, Illinois, brings this habeas corpus action challenging the constitutionality of Annamalai's custody. This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

**Background**

Petitioner alleges that she is the wife of Annamalai Annamalai, who is in the "illegal custody" of the Respondent. (Doc. 1, p. 1). She claims that "the United States marshal and/or prison authorities have failed to comply with provisions of 18 U.S.C. § 3621(c)" in their incarceration of Annamalai. (Doc. 1, p. 2). She requests that Annamalai be released from custody. (Doc. 1, p. 6).

**Discussion**

The Court will not get to the merits of Petitioner's arguments, as it does not have jurisdiction to do so. "[A] litigant generally must assert his or her own legal rights and cannot rest a claim for relief on the legal rights or interests of third parties." *Wilson v. Lane*, 870 F.2d 1250, 1255 (7th Cir. 1989). A limited exception exists, however, when an individual is incompetent or incapable of proceeding on their own behalf. *Id.* at 1253 (citing *Rumbaugh v. McKaskle*, 730 F.2d 291, 293 (5th Cir. 1984); *Lenhard v. Wolff*, 443 U.S. 1306, 1308 (1979) (Rehnquist, J., Opinion in Chambers)). "It is well-settled that a next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Wilson*, 870 F.2d 1250, 1253 (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)). "A next-friend applicant, among other things, must therefore explain why the detainee did not sign and verify the petition." *Id.* (citing *Garza*, 570 F.2d at 513-14). "If the next-friend cannot do so, 'the court is without jurisdiction to consider the petition.'" *Id.*

Annamalai is not a party to this action, nor did he sign the Petition. Petitioner has not alleged that Annamalai is incapable of proceeding on his own

behalf in court. In fact, Annamalai's litigation history is testament to his ability, and willingness, to represent himself. Looking only to his recent litigation history in this Court is illustrative of this fact. On April 13, 2016, Annamalai submitted a "Petition for Specific Performance" in this District, requesting, among other things, his release from incarceration. *Annamalai v. United States*, No. 16-cv-413-DRH (S.D. Ill. April 28, 2016). That action was dismissed at his request on April 28, 2016. *Id.* at Docs. 4-5.

On May 6, 2016, Annamalai filed another habeas action in this District. *Annamalai v. Laird*, No. 16-cv-524-DRH (S.D. Ill. Aug. 18, 2016). In its Order dismissing the case, which was later vacated, the Court outlined Annamalai's lengthy litigation history and previous designation as a vexatious litigant in multiple jurisdictions. *Id.* at Doc. 15, pp. 6-8. The Court then designated him a vexatious litigant, based on his "disturbing pattern of vexatious cases" and the "amorphous pleading" at issue in that particular case. *Id.* The Court dismissed Annamalai's case as a sanction, and Annamalai was directed to show cause why he should not be assessed further sanctions in the form of a fine and filing ban in this District. *Id.* at Doc. 15, p. 8. Before any further sanctions were assessed, Annamalai moved to dismiss the case without prejudice, so the Court vacated its Order dismissing the case, granted Annamalai's motion, and did not assess any sanctions. *Id.* at Docs. 20, 23.

Annamalai has continued to bring actions in various jurisdictions since the dismissal of the aforementioned cases. In fact, at least two recent actions brought

by Annamalai, in the Southern District of Indiana and the Southern District of Texas, were brought *against* Petitioner. *See Annamalai v. Sivanadiyan*, No. 16-cv-3415-WTL-DKL (S.D. Ind. July 7, 2017); *Annamalai v. Sivanadiyan*, No. 17-cv-25 (S.D. Tex. Oct. 24, 2017). Annamalai voluntarily dismissed 16-cv-3415. In 17-cv-25, several appeals were filed after the case was dismissed, including a joint appeal by Petitioner and Annamalai filed May 5, 2017.[1] The Fifth Circuit Court of Appeals ultimately dismissed all appeals in the action.

Based on the aforementioned history, the Court finds that Petitioner is not an appropriate next-friend applicant for Annamalai. She has not alleged, and the Court is certain she is incapable of showing, that Annamalai is incompetent or otherwise incapable of bringing claims on his own behalf. In fact, the Court finds the proposition that Annamalai would choose Petitioner to represent him generally to be dubious, given his choice to sue her multiple times recently. Further, even if Annamalai had condoned Petitioner representing him, the Court suspects that he would only have done so to avoid sanctions this Court might assess against him, since it recently threatened to sanction him in 16-cv-524-DRH.

---

[1] The Court notes that, in her "Emergency Motion to Order the Respondent to Allow the Petitioner to Speak and Email Annamalai Annamalai" (Doc. 3), Petitioner claims that she has not been allowed to speak with or email Annamalai for over a year. The Court finds this claim to be suspect, given the litigation between Petitioner and Annamalai in the past year, and the joint appeal filed by them in the Southern District of Texas.

**Disposition**

For the aforementioned reasons, this action is summarily **DISMISSED** for lack of jurisdiction. All pending motions are **DENIED** as moot.

The Clerk of Court is directed to enter judgment closing this case.

**IT IS SO ORDERED.**

Judge Herndon
2017.11.10
09:50:44 -06'00'

**UNITED STATES DISTRICT JUDGE**